NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

WALFORD D. WILLIAMS, *Appellant*.

No. 1 CA-CR 17-0070
FILED 8-9-2018

Appeal from the Superior Court in Maricopa County
No.  CR2016-115918-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

## MEMORANDUM DECISION

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Peter B. Swann and Judge Maria Elena Cruz joined.

**T H U M M A,** Chief Judge:

**¶1**        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for appellant Walford D. Williams has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Williams was given the opportunity to file a supplemental brief pro se, but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Williams' conviction and resulting probation grant are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**        In October 2015, a City of Mesa Police Sergeant serving on an interdiction squad pulled a heavily taped, suspicious package from a conveyor belt at a FedEx facility. After information on the address label did not track and a drug dog alerted on the package, a search warrant was obtained. When opened, the package contained 1.97 pounds of marijuana. Williams' fingerprint was located on a bucket inside the package.

**¶3**        The next day, police learned that a person, who identified himself as "Denzel Washington," called to ask why the package was not delivered. The telephone number for that call was traced to Williams. Surveillance footage showed a woman, later identified as Williams' wife, had dropped off the package.

**¶4**        After further investigation, in April 2016, Williams was arrested after police had to "rush and grab him" after he tried to get away. Williams was then charged by indictment with one count of sale or transportation of marijuana, a Class 3 felony.

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997) (citation omitted).

¶5         During a two-day trial, the jury heard testimony from law enforcement officers and forensic analysts. After the State rested, Williams unsuccessfully moved for a judgment of acquittal. *See* Ariz. R. Crim. P. 20 (2018).[2] Williams then elected not to testify or offer any affirmative evidence, as was his right. After the jury was instructed on the law and heard closing arguments, they deliberated and unanimously found Williams guilty as charged. The jury was polled and confirmed their verdict. The next day, after a juror failed to appear, the State chose not to pursue an aggravated sentence.

¶6         At a January 2017 sentencing, after considering a presentence report, hearing from counsel and from Williams, the superior court suspended imposition of a sentence and placed Williams on supervised probation for three years.

¶7         This court has jurisdiction over Williams' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A).

## DISCUSSION

¶8         Counsel for Williams advised this court that, after a search of the entire record, counsel found no arguable question of law. This court has reviewed and considered counsel's brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App.1999). Searching the record and brief reveals no reversible error.

¶9         The record shows Williams was represented by counsel at all stages of the proceedings and counsel was present at all critical stages, or that he waived his presence. The record provided shows there was substantial evidence supporting Williams' conviction. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the probation grant was authorized by statute.

## CONCLUSION

¶10         This court has read and considered counsel's brief, and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at300; *Clark*, 196 Ariz. at 537 ¶ 30. Accordingly, Williams' conviction and resulting probation grant are affirmed.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶11**　　　　Upon the filing of this decision, defense counsel is directed to inform Williams of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Williams shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA